THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| EDGAR IVAN DIAZ FLORES,<br><br>         Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Acting Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE/ERO); BRIAN HENKE Field Office Director for Las Vegas/Salt Lake City; MARKWAYNE MULLIN, Secretary United States Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General,<br><br>         Respondents. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE AND ORDER STAYING TRANSFER DURING PENDENCY OF PETITION**<br><br><br>Case No. 4:26-cv-00060-DN<br><br>District Judge David Nuffer |

Petitioner Edgar Ivan Diaz Flores, a national of Mexico who came to the United States seeking asylum and was previously granted parole, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition")[1] alleging he is being unlawfully confined in violation of the Constitution and laws of the United States. The Petition seeks Mr. Diaz's release from custody or, alternatively, a bond hearing before an immigration judge.[2]

Upon review of the Petition, the facts alleged, if true, demonstrate that Mr. Diaz is being unlawfully detained in violation of the Constitution and the laws of the United States. This district recently considered the issue raised in this petition in another matter and found that the

---

[1] Docket no. 1, filed May 22, 2026.

[2] *Id.*

revised interpretation of the Immigration and Nationality Act ("INA") proposed by the U.S. Department of Homeland Security ("DHS"), under which a large class of immigrants—a class that allegedly includes Mr. Diaz —is subject to mandatory detention under 8 U.S.C. § 1225, is unlawful.[3]

The court is prepared to grant Mr. Diaz's Petition absent a showing from Respondents that this case is meaningfully distinct, and that a valid legal basis for Mr. Diaz's detention exists. And to preserve the status quo during the pendency of Mr. Diaz's Petition, it is necessary and appropriate to prohibit Mr. Diaz's from being transferred from the District of Utah or removed from the United States.

COUNSEL MUST CAREFULLY REVIEW THE FOLLOW ORDERS AND DIRECTIVES, AND MUST COMPLY AND COMMUNICATE THESE ORDERS AND DIRECTIVES TO RESPONDENTS AND MR. DIAZ'S CUSTODIAN.

## 1  ORDER

THEREFORE, IT IS HEREBY ORDERED as follows:

### 1.1  Service of the Petition and this Order and Deadline for Response

By no later than **5:00 p.m. on Tuesday, May 26, 2026**, Mr. Diaz's counsel is directed (1) to serve Respondents with a copy of the Petition and a copy of this Order, by e-mail to the United States Attorney's Office for the District of Utah and by overnight mail; and (2) to promptly file proof of such service on the docket in this case. Counsel for Respondents shall promptly enter notices of appearance.

To ensure the relevant government officials have notice of this Order and other relevant documents, the Clerk is directed to serve a copy of this Order and the Petition on the United

---

[3] *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, *10 (D. Utah Jan. 16, 2026); *Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN, 2026 WL 622751, *6-13 (D. Utah Mar. 5, 2026).

States Attorney for the District of Utah's Southern Region (Mr. Joseph Hood and Ms. Angie Reddish-Day) and to the Chief of the Civil Division (Tyler Murray) and Todd Bouton and Adam Elggren in the Salt Lake office by attaching the documents to an email sent to their government email addresses.

Respondents are ORDERED TO SHOW CAUSE why Mr. Diaz's Petition should not be granted. Respondents shall answer or otherwise respond to this Order and the Petition by no later than **3:30 p.m. on Friday, May 29, 2026**. Respondents' answer or other responses must identify (1) whether the federal government issued a warrant prior to Mr. Diaz's arrest pursuant to 8 U.S.C. § 1226 or any other law of the United States; and (2) the location and existence of Mr. Diaz's immigration administrative record.

Assuming that an order on Mr. Diaz's Petition is not issued by the end of the day on Friday, May 29, 2026, Mr. Diaz's may file a reply by not later than **4:00 p.m. on Monday June 1, 2026**. A hearing on the Petition will be set, if necessary, after Respondents' response and any reply has been considered.

### 1.2   Jurisdiction and Granting Motion to Stay Transfer

Mr. Diaz has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization.[4] Although a federal district court does not

---

[4] *Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

generally have subject-matter jurisdiction to review orders of removal issued by an immigration court,[5] it does have jurisdiction over habeas petitions.[6]

Here, it appears the relief Mr. Diaz seeks is not review of an immigration order or an injunction or stay preventing the execution of such an order. Mr. Diaz alleges that he was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. Therefore, subject-matter jurisdiction is present to consider the Petition under 28 U.S.C. § 2241(a).

The district court possesses the power to act to preserve the status quo in the near term, even if jurisdiction is ultimately lacking over a petition. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction.[7]

To afford the opportunity to consider whether subject-matter jurisdiction is present—and, if so, to determine the merits of the Petition—it is necessary to order Respondents to preserve the status quo.[8] Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action.[9] This principle applies with even greater force where, as here, the prohibited action would otherwise destroy jurisdiction or moot the case.[10]

---

[5] 8 U.S.C. § 1252(a)(1), (g).

[6] 28 U.S.C. § 2241(a); U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

[7] *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).

[8] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).

[9] *Id*. at 294–95.

[10] *United States v. Shipp*, 203 U.S. 563, 573 (1906).

### 1.3    Prohibition on Mr. Diaz's Transfer or Removal

The Petition alleges that Mr. Diaz is being detained within the District of Utah at an ICE holding facility in Hurricane, Utah.[11] Mr. Diaz shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and it shall state the reasons why the government believes such a movement is necessary and should not be prohibited pending further court proceedings. Mr. Diaz shall not be moved out of the District of Utah for a period of at least 120 hours from the time the government dockets the notice described in this Paragraph.

If the government contests that Mr. Diaz is presently confined in the District of Utah, the government shall file a notice in writing on the docket in this case stating the name and location of the facility in which Mr. Diaz is confined. Such notice shall be provided promptly after the government becomes aware of that fact.

Mr. Diaz shall not be deported, removed, or otherwise transferred outside the United States until further order of this court.

### 1.4    Measurement of Time Periods

If any time period stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."[12] If any time period stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[13]

---

[11] Petition at 3, ¶ 11.

[12] FED. R. CIV. P. 6(a)(2)(C).

[13] *Id.* at 6(a)(1)(C).

Any time period or deadline set forth herein may be shortened or extended as may be appropriate only by further court order.

Signed May 26, 2026.

BY THE COURT

David Nuffer
United States District Judge

United States District Court
for the
District of Utah
May 26, 2026

******MAILING CERTIFICATE OF THE CLERK******

RE:   Diaz Flores v Leyva, et al.
      4:26cv00060 DN


Joseph Hood and Angie Reddish-Day
US ATTORNEY'S OFFICE
20 N MAIN ST STE 208
ST GEORGE, UT 84770
via email

Tyler Murray and Todd Bouton and Adam Elggren
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
via email


_____

/s/ Aimee T.